**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:26-cv-60025-RS**

JONATHAN MARSHALL HOWARD,

Plaintiff,

v.

SOUTH FLORIDA DIVING HEADQUARTERS, INC.,
SERENITY YACHT CHARTERS, INC.
BOYNTON BEACH DIVER INC., and
WILLIAM JEFFREY TORODE,

Defendants.
______________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant South Florida Diving Headquarters, Inc. ("SFDH"), Serenity Yacht Charters, Inc. ("SYC"), Boyton Beach Driver Inc. ("BBD"), and William Jeffrey Torode ("Torode") (collectively, "Defendants"), through undersigned counsel, submit this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Jonathan Marshall Howard ("Plaintiff" of "Howard") as follows:

1. Defendants admits that this purports to be an action under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Defendants further admit that this Court has jurisdiction over this action but deny that Plaintiff is entitled to any relief.

2. Defendants admit employing Plaintiff but are sufficient without knowledge or information to admit or deny the remaining allegations in Paragraph 2 of the Complaint.

3. Admitted.

4. Admitted.

5. Admitted.

6. Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph as the Complaint does not define the term "all times material hereto."

7. Admitted.

8. Admitted.

9. Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph as the Complaint does not define the term "all times material hereto."

10. Admitted.

11. Admitted.

12. Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph as the Complaint does not define the term "all times material hereto."

13. Admitted.

14. The allegations in this paragraph call for a legal conclusion to which no response is required.

15. Defendants admit only that Howard occasionally spoke with customers on the phone. The remaining allegations in this paragraph call for a legal conclusion to which no response is required.

16. The remaining allegations in this paragraph call for a legal conclusion to which no response is required.

17. The allegations in this paragraph call for a legal conclusion to which no response is required.

18. The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent one is required Defendants deny the same.

19. Defendants admit only that Torode is an owner of SFDH. The remainder of the allegations in this paragraph call for a legal conclusion to which no response is required. To the extent one is required Defendants deny the same.

20. Defendants admit only that Torode is an owner of SYC. The remainder of the allegations in this paragraph call for a legal conclusion to which no response is required. To the extent one is required Defendants deny the same.

21. Defendants admit only that Torode is an owner of BBD. The remainder of the allegations in this paragraph call for a legal conclusion to which no response is required. To the extent one is required Defendants deny the same.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Exhibit A speaks for itself. Defendants deny that Plaintiff is entitled to the relief requested within Exhibit A.

30. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Complaint.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**AGAINST ALL DEFENDANTS**

31. Defendants reallege and adopt the responses to the allegations of paragraphs 1-30, as if fully set forth herein.

32. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent one is required Defendant denies the same.

33. Defendants state that this is a statement to which no response is required. To the extent one is required Defendants deny that Plaintiff is entitled to the relief requested in Paragraph

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause, including all subparts thereto, following Paragraph No. 33 of the Complaint.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. The Complaint fails to allege sufficient ultimate facts to state a cause of action inasmuch as it merely recites labels and conclusions and is a formulaic recitation of the elements of a claim. Plaintiff's allegations are vague, ambiguous, confusing and conclusory, and fall well short of the requisite pleading standard. The Complaint includes no facts to nudge the allegations from a mere theoretical possibility to plausible.

2. The Complaint fails to state a cause of action against Torode for personal liability.

3. Plaintiff's claims are barred by the statute of limitations to the extent they seek damages from before January 7, 2024. Further, Plaintiff is not entitled to an extension of the statute of limitations because Defendant did not act willfully.

4. Any act or omission on the part of any Defendant was in good faith based on reasonable grounds for believing its/his violation or omission was not a violation of the law.

5. Any claims for overtime or other compensation by Plaintiff must be offset by any payments, overpayments, advances or other benefits paid or provided to him.

6. Plaintiff may not recover for non-compensable preliminary or postliminary work. In calculating Defendant's liability, any compensation for preliminary and postliminary work should be excluded from the calculation.

7. Plaintiff's claims are barred as to hours allegedly worked where Defendant did not have actual or constructive knowledge of such hours worked.

8. Plaintiff's claims are barred, in whole or in part, by the estoppel doctrine.

9. Plaintiff's claims for overtime payments based on Exhibit A to Complaint are based on fraud.

10. Any insubstantial or insignificant periods of time beyond the scheduled working hours, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimus* and may be properly disregarded for payroll purposes in accordance with 29 CFR § 785.47.

11. Plaintiff failed to notify any Defendant of any additional overtime hours worked or deliberately prevented any Defendant from acquiring knowledge of any additional overtime hours worked. Accordingly, any purported failure of any Defendant to pay overtime hours is not an FLSA violation or a violation of Florida law.

**RESERVATION OF RIGHTS**

Defendants hereby give notice that they intend to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Answer and Affirmative Defenses to Complaint. Defendants further reserve rights to seek sanctions pursuant to 28 U.S.C. §1927 or other authority to the extent that the filing and

continuation of this action is misconduct that multiplies or prolongs the proceedings in an unreasonable or vexatious fashion that constitutes bad faith or is akin to bad faith.

Dated: March 17, 2026.

Respectfully submitted,

*/s/ Kaitlyn M. O'Connell*
Kristin M. Ahr, Esq.
Florida Bar No.: 63290
Kaitlyn M. O'Connell
Florida Bar No.: 1058109
Nelson Mullins Riley & Scarborough LLP
360 South Rosemary Ave., Suite 1410
West Palm Beach, FL 33401
Telephone: 561-366-8765
Facsimile: 561-655-1109
Primary Emails: kristin.ahr@nelsonmullins.com
kaitlyn.oconnell@nelsonmullins.com
Secondary Email: brooke.werner@nelsonmullins.com

*Counsel for Defendants, Diving Headquarters, Inc., Serenity Yacht Charters, Inc., Boynton Beach Diver Inc., and William Jeffrey Torode*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of March, 2026, I Electronically filed the foregoing with the Clerk of the Court by using the CM/EFC system, which will send a notice of electronic filing to all CM/EFC participants listed on the Service List below.

*/s/ Kaitlyn M. O'Connell*
Kaitlyn M. O'Connell
Florida Bar No.: 1058109

**SERVICE LIST**

Adam Grondin
Koz Law, P.A.

Florida Bar No.: 1070731
800 East Cypress Creek Road, Suite 421
Fort Lauderdale, FL 33334
Telephone: 786-924-9929
Facsimile: 786-358-6071
Email: ag@kozlawfirm.com

*Counsel for Plaintiff*

**NELSON MULLINS**
**RILEY & SCARBOROUGH LLP**
360 South Rosemary Ave., Suite 1410
West Palm Beach, FL 33401
Telephone: (561) 832-3300
Kristin M. Ahr, Esq.
Florida Bar No.: 63290
kristin.ahr@nelsonmullins.com
Kaitlyn M. O'Connell
Florida Bar No.: 1058109
kaitlyn.oconnell@nelsonmullins.com

*Counsel for Defendants*